UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN ALLGOEWER,<br>Plaintiff,<br>v.<br>YUEMEI LI, et al.,<br>Defendants. | No. 2:25-cv-01888-JCC-DWC<br><br>ORDER STRIKING MOTION FOR SUMMARY JUDGMENT |

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Currently pending before the Court is Defendants' Motion for Summary Judgment. Dkt. 13. The Court concludes that Defendants have not supported their Motion for Summary Judgment with competent evidence. The Court therefore strikes the Motion for Summary Judgment (Dkt. 13) with the right to refile.

**I. Background**

In December 2022, Plaintiff Steven Allgoewer, an inmate housed at the Monroe Correctional Complex, injured his knee while playing basketball. Dkts. 1; 13. Despite allegedly complaining of knee pain for eight months, Plaintiff did not receive an MRI until August 31, 2023. Dkt. 1. The MRI revealed a full-thickness tear of anterior cruciate ligament (ACL), a radial tear of the meniscus, and full-thickness lateral femoral condyle chondromalacia. Dkts. 1; 13. Plaintiff had surgery to repair his knee on April 3, 2024. Dkts. 1; 13.

On September 30, 2025, Plaintiff filed the present action under 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Eighth Amendment against cruel and

unusual punishment. Dkt. 1. Plaintiff further alleged that Defendants were negligent under Washington State law for failing to provide adequate medical care to Plaintiff within the standard of care. *Id.*

Defendants filed their Motion for Summary Judgment presently before the Court on May 28, 2026. Dkt. 13. In the Motion, Defendants claim that Plaintiff failed to provide sufficient evidence proving either of his claims and asked the Court to dismiss these claims. *Id.* The Motion's only supporting evidence is a Declaration that contains Plaintiff's Complaint. Dkts. 13-14. The Motion was originally scheduled on this Court's motion calendar for June 25, 2026, but Defendants filed a notice to re-note the motion to August 14, 2026. Dkt. 15. Plaintiff filed his Response and supporting Declarations on August 7, 2026. Dkts. 20-23. Defendants then filed their Reply and supporting Declaration on August 10, 2026. Dkts. 24-25.

**II. Standard of Review**

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In deciding a motion for summary judgment, the Court draws all inferences in the light most favorable to the party opposing the motion. *Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 668 (9th Cir. 1980).

## III. Discussion

In the Motion for Summary Judgment (Dkt. 13), Defendants allege no genuine issue of material fact remains regarding Plaintiff's Eighth Amendment and negligence claims. Dkt. 13. However, Defendants cite only Plaintiff's Complaint (Dkt. 1) as evidence for their Motion, which is incompetent testimony for purposes of deciding summary judgment. As a result, the Court strikes the Motion with the right to refile.

A. *Analysis*

The party moving for summary judgment must carry its burden of production by "either produc[ing] evidence negating an essential element of the nonmoving party's claim or defense or show[ing] that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). This showing must be made through evidence in the record. Fed. R. Civ. P. 56(c)(1) (explaining the ways in which a "party asserting that a fact cannot be or is genuinely disputed must support the assertion"). "Unless the burden of production is met, 'the nonmoving party has no obligation to produce anything' to support its claims or defenses." *Morganstern v. IQ Data Int'l Inc*, 2026 WL 2295208, at *4 (W.D. Wash. Aug. 10, 2026) (quoting *Nissan Fire*, 210 F.3d at 1102-03).

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment. . . . [and the Ninth Circuit has] repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). A complaint is "verified" when a plaintiff states that the facts in the complaint are true under the penalty of perjury, *see Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995), or avers that they are "true and correct," *Johnson v. Meltzer*, 134 F.3d 1393, 1399 (9th Cir. 1998). Complaints that are not verified "cannot form the basis of evidence considered at summary judgment." *Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. Cal. Dep't of Transp.*, 713 F.3d 1187, 1195 (9th Cir. 2013); *see also Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006) (holding that unverified complaints cannot be considered as evidence on

a motion for summary judgment); *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) ("[L]egal memoranda . . . are not evidence . . . .").

Here, Defendants argue that they are entitled to summary judgment on Plaintiff's Eighth Amendment and state negligence claims. Dkt. 13. Specifically, Defendants assert Plaintiff cannot "meet his burden on causation and he has not produced facts sufficient for his Eighth Amendment claim to survive." Dkt. 13 at 3. However, as stated above, the party moving for summary judgment must carry its burden of production by "either produc[ing] evidence negating an essential element of the nonmoving party's claim or defense or show[ing] that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The only evidence Defendants cite to support their Motion for Summary Judgment is Plaintiff's Complaint. *Id.* Plaintiff's Complaint neither states that the facts in the Complaint are true under the penalty of perjury, *see Schroeder*, 55 F.3d at 460 n.10, nor avers that they are "true and correct," *see Meltzer*, 134 F.3d at 1399. As a result, Plaintiff's Complaint is unverified, and it "cannot form the basis of evidence considered at summary judgment." *See Cal. Dep't of Transp.*, 713 F.3d at 1195. Defendants have not carried their burden by producing evidence showing Plaintiff cannot meet his burden. Therefore, the Court strikes Defendants' Motion for Summary Judgment (Dkt. 13) because it fails to meet the Rule 56 requirements.[1]

## IV. Conclusion

For the above stated reasons, the Court finds Defendants have not supported their Motion for Summary Judgment with competent evidence. Therefore, the Motion fails to meet Rule 56(d) pleading requirements and the Court strikes the Motion for Summary Judgment (Dkt. 13) with the right to refile. The parties are not required to refile evidence previously filed in this case. However, the Court intends to consider only the evidence cited to in any motions for summary

[1] Plaintiff cites evidence in his Response (Dkt. 20) and Declarations (Dkts. 21-22), to which Defendants respond with a Reply (Dkt. 24) and other evidence (Dkt. 25). However, the Court declines to review this supplemental evidence in the context of Defendants' Motion for Summary Judgment since Defendants did not present competent evidence in their initial Motion.

judgment; thus, the parties must, in any subsequent motion for summary judgment, specifically cite to the evidence on which they rely. *See* Fed. R. Civ. P. 56(c)(3) ("[t]he court need consider only the cited materials ...").

DATED this 19th day of August, 2026.

David W. Christel
United States Magistrate Judge